ANDREA "ANDY" BENNETT, State Auditor and Commissioner of Insurance of the State of Montana, Plaintiff and Respondent, v. GLACIER GENERAL ASSURANCE COMPANY, Defendant, and Missoula Motel Associates, FairmontHot Springs, et al., and Missoula Hotel Development Associates, Petitioners in Intervention and Appellants.

No. 87-179.
Submitted Dec. 8, 1987.
Decided Dec. 31, 1987.
748 P.2d 464.

Worden, Thane & Haines, Stacey Wedele-Wade argued, Missoula, for Missoula Motel Associates.

Knight, Dahood, McLean & Everett, Ray J. Dayton argued, Anaconda, for Fairmont.

Datsopoulos, MacDonald & Lind, Ronald B. MacDonald argued, Missoula for Missoula Hotel Development Associates.

Robert G. Mullendore, Missoula, Peter C. Pauly, Helena, John A. Donavan, John C. Fauve, Los Angeles, Cal., William H. Coldiron, Helena, Melvin Wald, Los Angeles, Cal., Robert Stephan, Phoenix, Ariz., Betty J. Nguy,, Briarcliff Manor, N.Y., Peter Michael Meloy, Helena, Estelle M. Depper, San Francisco, Cal., Charles C. Wehner, Los Angeles, Cal., Donald L. Ostrem, Great Falls, Arthur Shartsis, San Francisco, Cal., James Treece, Los Angeles, Cal., Robert A. Kudra, Chairman, Mont. Guaranty Associates, Great Falls, Floven L. Fink & Leslie Michael, Los Angeles, Cal., for other petitioners in intervention and appellants.

Erdmann & Wright, Charles E. Erdmann argued, Helena, for Glacier General Assur. Co.

Robert Throssell, State Auditor's Office, Helena, for plaintiff and respondent.

MR. JUSTICE HARRISON delivered the Opinion of the Court.

This is the appeal of an order from the First Judicial District, Lewis and Clark County. The order dismissed the petitions of the three intervenors in the liquidation of Glacier General Assurance Company (Glacier). We affirm.

We consider one issue on appeal. Did the District Court err when it dismissed for lack of jurisdiction each intervenor's petition for return of funds on deposit?

In 1984, Missoula Motel Associates (MMA) borrowed $1,250,000 to finance the purchase of a motel complex in Missoula. The lender required that MMA obtain a financial guarantee bond for the amount of the loan. MMA purchased the bond from Glacier, and, as part of this transaction, MMA was required to deposit with Glacier $72,589 which represented three months principal and interest payments and other assessments on the underlying loan commitment. The agreement between the bank and MMA provided that the deposit would be returned to MMA upon retirement of the bond (satisfaction of the debt) or would be surrendered to Glacier in the event of default on the debt.

In late 1983, Fairmont Hot Springs Resort, Inc., Fairmont America, Inc., Fairmont Homes, Inc., and Leroy M. Mayes (Fairmont) also purchased a financial guarantee bond from Glacier. Fairmont deposited with Glacier $276,000 representing three months payments on the underlying loan. This deposit was held just as that of MMA. Missoula Hotel Development Associates (MHDA), in 1983,

also acquired a financial guarantee bond with Glacier and deposited an additional $250,000.

On March 12, 1985, Glacier was ordered into rehabilitation pursuant to Section 33-2-1332, MCA. The following July, MMA refinanced its loan and paid its note with the lender. The lender discharged Glacier from liability under the bond on July 23. The bond was surrendered to Glacier that same month. In August, MMA petitioned to intervene in the rehabilitation and sought an order from the District Court directing the rehabilitator of Glacier's estate to return the deposit of $72,589 since the bond obligation was discharged. The court allowed MMA to intervene and held a hearing on August 20, 1985. In November 1985, Glacier was ordered into liquidation and the commissioner of insurance, Andrea Bennett, was appointed liquidator pursuant to Section 33-2-1342, MCA. The liquidator notified Fairmont and MHDA, individually, that their bonds were canceled effective December 12, 1985, as required by Section 33-2-1343, MCA. Fairmont and MHDA each subsequently intervened and filed petitions for return of their collateral in August and November, respectively. The intervenors also have filed timely claims for their funds as creditors under Sections 33-2-1364 and 33-2-1365, MCA.

In November 1986, these petitioners submitted testimony in District Court on their claims to the deposits. In a January 1987 order the court determined that each of the petitioners was similarly situated and, after discussing their claims, decided that it lacked jurisdiction over the matter. As a result, each action was dismissed.

The following is the District Court's discussion of the jurisdiction issue:

"Finally, in briefing its position with regard to the claim of Fairmont herein, the Montana Insurance Guarantee Association, which would have to pay policy holders any money paid claimants, points to Section 33-2-1348(1), which provides in pertinent part:

" 'Upon issuance of an order appointing a liquidator . . . no action at law or equity may be brought against the insurer or liquidator, . . . nor shall any such existing actions be maintained or further presented after issuance of such order.'

"Section 33-2-1365(1)(e) sets up a right to submit a claim with the liquidator setting forth any right of priority payment or *other specific right*. Section 33-2-1368 provides for hearing before a court or court appointed referee on any such claim that cannot be resolved between the claimant and the liquidator.

"This is very specific legislation which should be deemed to take precedence over general legislation or court rules as to standing to bring a suit. Taken together these procedural provisions, together with the general intendment of the act that the liquidator be in charge of the entire liquidation proceedings, indicate a clear legislative intent that the liquidator have exclusive jurisdiction to consider all claims for any moneys under his control before claimants have access to the court. It is my understanding that all three claimants here have, as a matter of fact, timely filed their claims with the liquidator under 33-2-1364. We hold specifically that the sections cited require that all three of the actions considered here must be dismissed for lack of jurisdiction."

Did the District Court err when it dismissed for lack of jurisdiction each intervenor's petition for return of retained collateral?

Intervenors urge this Court to apply bankruptcy law by analogy to the situation now before us. We see no reason to reach outside the liquidation act for our determination. Section 33-2-1348(1), MCA, as applied to this case, is clear and unambiguous. This statute promotes the purpose of this legislation as expressed in Section 33-2-1302(3)(c) and (d), MCA:

"The purpose of this part is the protection of the interests of insureds, claimants, creditors, and the public generally . . . through . . . enhanced efficiency and economy of liquidation, through clarification of the law, to minimize legal uncertainty and litigation; [and] equitable apportionment of any unavoidable loss. . ."

We note as well that Sections 33-2-1301, et seq., MCA, are to be construed liberally to effect the purpose as set forth above. Section 33-2-1302(2), MCA.

Intervenors petitioned the District Court to order the liquidator to return the funds on deposit with Glacier. These petitions constitute actions against the insurer or liquidator within the meaning of Section 33-2-1348(1), MCA. This statute is worded clearly. Once liquidation is ordered, "no action at law or equity may be brought against the insurer or liquidator . . . ." Intervenors have attempted to shortcut the liquidation process, contrary to the liquidation act, and the District Court properly dismissed the petitions.

Accordingly, we affirm the District Court's dismissal of the three actions for lack of jurisdiction. In the absence of jurisdiction, the District Court could not render any additional ruling. Consequently,

we vacate the balance of the District Court's order which we have not specifically affirmed.

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, SHEEHY, GULBRANDSON, HUNT and McDONOUGH concur.